IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 6 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01538-BNB

GARY ALLEN KEMPER,

    Plaintiff,

v.

COLORADO COMPENSATION INSURANCE AUTHORITY, d.b.a. PINNACOL
    ASSURANCE, and
LPR CONSTRUCTION,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Gary Allen Kemper initiated this action by filing a *pro se* document titled "Petition Request for Case Number." Magistrate Judge Boyd N. Boland reviewed the document and entered an order instructing the Clerk of the Court to commence a civil action and directing Plaintiff to submit his claims on a Court-approved form used in filing civil complaints. Plaintiff also was instructed to submit a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On August 8, 2007, Plaintiff filed a Complaint form on a Court-approved form and a Motion and Affidavit. Magistrate Judge Boland then granted Plaintiff leave to proceed pursuant to § 1915.

The Court must construe the Complaint liberally because Mr. Kemper is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Kemper will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and has determined that it is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Kemper fails to set forth a short and plain statement of the grounds on which the court's jurisdiction depends. In other words, he fails to cite the statutory authority

2

that allows this Court to consider the claims he is asserting in this action. Mr. Kemper also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. In order for Mr. Kemper "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, --- F.3d ---, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007).

Mr. Kemper makes allegations in the Complaint regarding an injury that he incurred in January 1994 while he was employed by Defendant LPR Construction Company. Plaintiff further asserts that the State of Colorado, on October 28, 1998, ordered LPR Construction Company to pay for Plaintiff's medical treatment and for his time lost from work due to the injury. Mr. Kemper contends that LPR has not paid for either his medical treatment or his lost wages.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Kemper should be given an opportunity to file an Amended complaint.

In the Amended Complaint, Plaintiff also is instructed to provide, under the "Parties" Section, the address and citizenship for each named Defendant. Accordingly, it is

ORDERED that Mr. Kemper file, **within thirty days from the date of this Order,**

an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Kemper, together with a copy of this Order, two copies of a current Court-approved Complaint form. It is

FURTHER ORDERED that, if Mr. Kemper fails within the time allowed to file an Amended Complaint that complies with this Order to the Court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this * day of August, 2007.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01538-BNB

Gary Allen Kemper
1714 Stover Street - 3-B
Fort Collins, CO 80525

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on   8/16/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk