IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01538-BNB

GARY ALLEN KEMPER,

    Plaintiff,

v.

COLORADO COMPENSATION INSURANCE,
LPR CONSTRUCTION, and
INSUANCE [sic] AUTHORITY, DBA PINNACOL ASSURANCE,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 9 2007

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

On July 30, 2007, Plaintiff Gary Allen Kemper filed a *pro se* Complaint. Magistrate Judge Boland reviewed the Complaint and directed Plaintiff to file his claims on a Court-approved form used in filing *pro se* civil complaints. On August 24, 2007, Plaintiff filed an Amended Complaint on a Court-approved form. The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

In the Amended Complaint, Mr. Kemper asserts that on October 28, 1998, the State of Colorado ordered LPR Construction to pay the costs of his medical treatment for the injuries that he incurred, on January 10, 1994, while he was working for LPR. Plaintiff also asserts that LPR was ordered to compensate him for the time he had lost

from work due to the injuries. Plaintiff further states on Page Six of the complaint form that he seeks money damages from Defendant LPR Construction because the doctor who treated him for his injuries was LPR's doctor and was negligent. To the extent that Plaintiff asserts additional claims, the claims are repetitive and convoluted.

Under the "Jurisdiction Section" of the complaint form, Plaintiff asserts jurisdiction pursuant to "Federal (Universal Construction!!) (Unfair Compation [sic]-Deceptive Practices Bad Faith) (*Froid v. Knowles* Law 1919)." Plaintiff fails to assert any credible basis for jurisdiction. *Froid*, the Colorado state case to which Mr. Kemper cites, does not provide jurisdiction for a claim in this Court. If Plaintiff is entitled to any relief as a result of any workers' compensation claim filed in the State of Colorado his proper avenue for relief is with the Colorado State courts.

Mr. Kemper is challenging the same workers' compensation claim that he raised in Case No. 03-cv-01162-ZLW and in Case No. 03-cv-01801-ZLW in this Court. Both cases were denied by this Court because the Court found no proper jurisdiction and no authority to review the state court's judgment regarding Plaintiff's workers' compensation claim. The Court has examined the Complaint filed in this action and finds that the Court again lacks subject matter jurisdiction because Mr. Kemper is asking this Court to review a state court decision regarding his workers' compensation claim.

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The

***Rooker-Feldman*** doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." ***Exxon Mobil Corp. v. Saudi Basic Indus. Corp.***, 544 U.S. 280, 284 (2005); *see also **Johnson v. De Grandy***, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. ***See Facio v. Jones***, 929 F.2d 541, 543 (10th Cir. 1991).

The ***Rooker-Feldman*** doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. ***See Feldman***, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." ***Crutchfield v. Countrywide Home Loans***, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." ***Id.*** at 1148. Furthermore, the ***Rooker-Feldman*** doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." ***See Jordahl v. Democratic Party of Va.***, 122 F.3d 192, 199 (4th Cir. 1997).

3

In that Mr. Kemper seeks money damages in this Court against Defendant LPR for his January 10, 1994, accident, a decision by this Court would disrupt the state court's previous decision involving Plaintiff's workers' compensation claim and his 1994 accident.  Although it is clear that the claims Mr. Kemper asserts in the Amended Complaint are barred by the statute of limitations, the Court nonetheless will dismiss the action for lack of subject matter jurisdiction.

Mr. Kemper is warned that if he continues to file the same workers' compensation claim with this Court, knowing that the Court lacks subject matter jurisdiction to review the claim, the Court will consider sanctioning him for abuse of judicial resources.  Accordingly, it is

ORDERED that the Complaint and action are dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).  It is

FURTHER ORDERED that Plaintiff's Motion (Doc. No. 11), filed August 24, 2007, requesting that the U.S. Marshals serve process, is denied as moot.

DATED at Denver, Colorado, this 18 day of Sept., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01538-BNB

Gary Allen Kemper
1714 Stover Street - 3-B
Fort Collins, CO 80525

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9-19-7

                                      GREGORY C. LANGHAM, CLERK

                                  By: _____
                                                Deputy Clerk